UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANK CORRAL, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC dba MR. COOPER, and DOES 1-10, inclusive,

Defendant.

No. 2:19-cv-00376-MCE-CKD

**MEMORANDUM AND ORDER**

Through the present lawsuit, Plaintiff Frank Corral ("Plaintiff") seeks relief from his mortgage service provider, Defendant Nationstar Mortgage, LLC dba Mr. Cooper ("Defendant") on grounds that Defendant's loan handling violated various laws, including the federal Electronics Funds Transfer Act, 15 U.S.C. §§ 1693, et seq. ("EFTA") as well as three California statutory provisions, including its False Advertising Law, Cal. Business & Professions Code §§ 17500, et seq. ("FAL"), Unfair Competition Law, Cal. Business & Professions Code §§ 17200, et seq ("UCL") and Consumer Legal Remedies Act, Cal. Civ. Code §§ 1770, et seq. ("CLRA"). Plaintiff alleges that Defendant made charges against his bank account in amounts which exceeded the written authorization for electronic fund transfers he provided. According to Plaintiff's First Amended

1

Complaint ("FAC"), which also purports to bring class claims on behalf of similarly situated borrowers, Defendant misled consumers into purchasing tax-payment services by misrepresenting that such ancillary services, offered to supplement traditional mortgage servicing payments, would allow consumers to take no further action in paying property taxes directly, with Defendant instead making the necessary tax payments. Plaintiff goes on to aver that when Defendant failed to pay enough taxes, it withdrew additional funds that he did not authorize.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's FAC for failure to state a viable claim under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (ECF Nos. 11, 14 and 15). For the reasons set forth below, Defendant's Motion is GRANTED and Plaintiff's EFTA, UCL, and FAL claims are DISMISSED with leave to amend. Plaintiff's CLRA claim is DISMISSED without leave to amend.[1]

## BACKGROUND[2]

According to the FAC, Plaintiff bought a home and financed it by obtaining a mortgage from Defendant Nationstar. FAC at ¶ 19. In connection with the mortgage, Nationstar offered to provide ancillary services, which included the payment of not only the monthly mortgage, but also "a portion of the property taxes owed." Id. at ¶ 31. Defendant represented that this would be effectuated through the automatic withdrawal of one monthly payment, which included both the mortgage payment and property taxes. Id. at ¶ 20. Plaintiff consequently authorized an automatic recurring transfer in the amount of $1,772.70, which was supposed to be the monthly mortgage payment and $260.00 for property taxes. Id. at ¶ 21-22.

---

[1] The Court recognizes that Defendant's Motion also seeks to dismiss or strike Plaintiff's UCL and FAL claims to the extent they are pled on a class-wide basis on behalf of non-California residents. Because the Court finds that Plaintiff's claims more fundamentally fail on an individual basis, it need not determine whether he can assert those claims for others and declines to do so at this juncture.

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's First Amended Complaint. ECF No. 11.

The first amount charged to Plaintiff's checking account under this arrangement was $1,778.70 in or around May of 2017. Id. at ¶ 23. The next month, Defendant debited Plaintiff's account in the amount of $1,500, and that payment amount continued to be made for about a year. Id. at ¶ 24. In June of 2018, however, Defendant charged $2,100.00 against Plaintiff's account. Id. at ¶ 25.

After the above-described June 2018 payment, Plaintiff contacted Defendant to inquire about the larger debit figure. Id. at ¶ 26. Defendant stated that the additional funds were withdrawn to cover fees and penalties resulting from the fact that property taxes remained owing. Id. Plaintiff argues that he never authorized Defendant in charging amounts exceeding $1,772.70. Id. at ¶ 27.

Plaintiff asserts that this activity violated EFTA and its surrounding provisions, including, but not limited to, 12 C.F.R. §§ 1005.7, 1005.8, and 1005.9. Compl. ¶ 29. Plaintiff brings these EFTA claims, as well as his UCL, FAL, and CLRA claims, both individually and on behalf of similarly situated class members.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and

quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

**A. Plaintiff's EFTA Claim Fails To State A Viable Cause Of Action.**

The crux of Plaintiff's EFTA claim is that Defendant withdrew amounts from his bank account that he did not authorize. The EFTA allows for "preauthorized electronic fund transfer[s] from a consumer's account," so long as there is authorization by the consumer in writing. 15 U.S.C. § 1693e(a). A preauthorized transfer "may vary in amount," and the "payee shall, prior to each transfer, provide reasonable advance notice to the consumer… of the amount to be transferred and the scheduled date of transfer." 15 U.S.C. § 1693e(b). Once notified, the consumer can stop a changed payment by notifying the payee orally or in writing up to three business days prior to the scheduled date of the transfer. 15 U.S.C. § 1693(a).

Defendant takes issue with Plaintiff's assertion that it violated the EFTA by making a $2,100.00 transfer in June of 2018 that exceeded the $1,772.70 amount Plaintiff claims he authorized. Defendant points to two documents[3] executed in connection with Plaintiff's mortgage in support of that argument. In the Court's view, those documents are indeed dispositive in showing that since the parties contemplated preauthorized transfers that could vary in amount, no EFTA violation has been identified.
///

---

[3] Defendant requests judicial notice, pursuant to Federal Rule of Evidence 201, as to both those documents, attached as Exhibits A and B to the Decl. of A. J. Loll. That request was unopposed and is accordingly GRANTED.

5

First, Plaintiff executed a Deed of Trust on August 24, 2016 that required Plaintiff to pay "Funds for Escrow Items." See Deed of Trust, Ex. A. to the Decl. of A. J. Loll, ECF No. 12-2. The Deed of Trust explicitly states that the amounts of the Funds for Escrow Items, which include tax payments, will be determined by the lender "on the basis of current data and reasonable estimates of expenditures of future Escrow Items." Id. at 5. This language on its face appears to recognize that the lender's reasonable estimates may necessarily vary. That assessment is underscored by provisions in the Deed of Trust directing how either surpluses or deficiencies in the escrow accounts are to be handled. With respect to shortages, the Deed of Trust spells out that the borrower must pay "the amount necessary to make up any deficiency" over not more than 12 monthly payments if at any time the funds in escrow are insufficient to cover payments for taxes and other items. Id. According to Defendant, this shows that the parties contemplated payments in variable amounts, and the Court agrees.

The second mortgage document relied on by Defendant makes this conclusion even more clear. In addition to the Deed of Trust, Plaintiff also executed an AutoPay Acknowledgment and Agreement ("AutoPay Agreement"), which specifically authorizes Defendant "to initiate automatic recurring debit entries once per month" for monthly payment and escrow fees in amounts that "may vary with changes to [the borrower's] escrow payments." Loll Decl., Ex. B. Consequently, not only does the Deed of Trust require Plaintiff to make up any deficiency of the funds held in escrow, the AutoPay Agreement further recognizes that Plaintiff's total monthly payments may change accordingly. A borrower who preauthorizes periodic payments, where his agreement provides that those payments may vary, cannot contend that the increase was unauthorized. See Herrera v. Landers, 2012 WL 5936467 at *4 (N.D. Ill. Nov. 27, 2012).

Plaintiff contends that conclusion is unjustified because he was not given the requisite advance notice of the increased charge. See Pl.'s Opp'n to Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 14 at 6:17-18. The FAC fails to make any such claim, however, and alleges only that Plaintiff did not authorize the debit of any amount exceeding $1,772.70.

In addition, Defendant, for its part, claims that advance notice was in fact sent on May 24, 2018. See Def.'s Mot. to Dismiss ("Def.'s Mot.") at 6 n. 3. Because Plaintiff's FAC as currently constituted fails to state a viable EFTA claim, Plaintiff's Third Cause of Action is accordingly DISMISSED with leave to amend.

### B. Plaintiff's Fraud-Based Claims Also Fail.

Defendant also alleges that Plaintiff's claims under the FAL, the UCL, and the CLRA, respectively, fail to state any viable claim with the requisite particularity under any of those statutory provisions. The FAL prohibits public use of untrue or misleading statements or advertising in order to deceive the public. Cal. Bus. & Prof. Code § 17500. Under the UCL, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising…" Cal. Bus. & Prof. Code § 17200. Finally, the CLRA's stated objective is "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection," with the statute to be "liberally construed and applied to promote [those' underlying purposes." Cal. Civ. Code § 1760. Consequently, all three causes of action sound in fraud, and, according to Defendant, should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). See Dyson, Inc. v. Vacuum, LLC, 2010 WL 11595882, at *4 (C.D. Cal. July 19, 2010) (dismissing UCL and FAL causes of action based on misrepresentations and false advertising for not following the pleading requirements of 9(b)). The three purposes of Rule 9(b) are to put the defendant on notice of the alleged wrongdoing, to protect individuals whose reputations would be harmed as a result of fraud charges, and to avoid substantial social and economic costs to the court and parties. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (citing In re Stac Elecs. Ec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

///

Plaintiff argues that the Complaint fulfills these heightened pleading requirements because the claims are specific enough to put the defendants on notice of their alleged wrongdoing. Pl.'s Opp'n at 9:16-18. Fraud-based allegations must, however, "be 'specific enough to give defendants notice of the particular misconduct… so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubrunner v. Milken, 6 F.3d 666, 671 (9th Cir. 2001). The Plaintiff must plead the "who, what, when, where, why, and how, of the conduct charged." Kearns, 567 F.3d. at 1126.

Plaintiff's argument is not well taken. Plaintiff has failed to allege facts sufficient to comply with the heightened pleading requirements pursuant to Rule 9(b) because he has not identified a specific person who made the alleged misrepresentations, explained if the misrepresentations were oral or written, nor specified in what method the purported misrepresentations were conveyed, how many misrepresentations were made, or when they occurred. See Kearns, 567 F.3d at 1125 (dismissing CLRA and UCL claims because the plaintiff did not allege the specific circumstances surrounding the alleged misrepresentations, including what the advertisements or other material specifically stated, when he was exposed to the advertisements or which he found to be material, and which advertisement he specifically relied upon in buying the product). Consequently, Plaintiff has failed to plead his fraud-based claims with particularity, as required by Rule 9(b),[4] and Plaintiff's fraud-based claims must be dismissed.

**C. Plaintiff Cannot State A Viable CLRA Claim In Any Event.**

Under the CLRA, "goods" are defined as "tangible chattels bought or leased for use primarily for personal, family, or household purposes…" Cal. Civ. Code § 1761(a). "Services" is defined as "work, labor, and services for other than a commercial or business use, including services furnished in with the sale or repair of goods." Cal. Civ. Code § 1761(b). The parties agree that a mortgage is not a "good" under the CLRA.

---

[4] Since these claims are dismissed due to particularity, the Court declines to address Defendant's additional argument that said claims are also precluded because Plaintiff has an adequate remedy at law.

8

Def.'s Reply, ECF No. 15, at 7.  See Reynoso v. Paul Fin., LLC, 2009 WL 3833298, *9 (N.D. Cal. Nov. 16, 2009) (holding that the definition of "goods" includes only tangible chattels).

Plaintiff asserts that ancillary services in conjunction with a mortgage loan nonetheless constitute "services" under the CLRA's definition, and accordingly alleges the escrow account at issue here is covered by the statute. The cases hold otherwise. Mortgage servicing "does not bring a [mortgage] loan within the scope of the CLRA and that statute's definition of services."  Becker v. Wells Fargo Bank, N.A., Inc., 2011 WL 1103439, at *13 (E.D. Cal. Mar. 22, 2011) (citing to the California Supreme Court's decision in Fairbanks v. Superior Court, 46 Cal. 4th 56, 92 (2009) which held that CLRA claims "challenging mortgage loan servicing" because mortgage "loans are intangible goods and the ancillary services provided in the sale of intangible goods do not bring these goods within the coverage of the CLRA.").

Plaintiff tries to distinguish that argument by taking the position that ancillary services like escrow accounts for property taxes and insurance are actually independent from the underlying mortgage itself, unlike the loan modification considered in other cases.  This contention is also unpersuasive because Plaintiff has failed to offer any legal support or rationale for this assertion.  Moreover, as Defendant points out, because the CLRA does not apply to mortgage servicing generally, the specific nature of mortgage servicing and how it relates to the loan makes no difference.  See Becker 2011 WL 1103439, at *13 (dismissing the plaintiff's claims because mortgage loan modification is not a "service" under the CLRA); see also Jamison v. Bank of Am., N.A., 194 F. Supp. 3d 1022, 1032 (E.D. Cal. 2016) (stating that the majority of district courts have routinely held that mortgage servicing does not fall under the CLRA.) Therefore, Plaintiff's CLRA claim is DISMISSED without leave to amend because ancillary services to a mortgage loan like the escrow accounts at issue herein do not fall under the CLRA's purview.

////

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED. Leave to amend will be permitted as to Plaintiff's Third Cause of Action, for violation of the EFTA. Since the Court concludes that Plaintiff's fraud-based claims fail to comply with the particularity requirements of Fed. R. Civ. P. 9(b), leave to amend will also be permitted as Plaintiff's First and Second Causes of Action, which allege violations of the FAL and the UCL. Because the mortgage servicing at issue in this matter cannot qualify as a "good" or "service" entitled to protection under the CLRA, no further amendment will be permitted as to the Fourth Cause of Action because the Court does not believe that the deficiencies of that claim can be rectified.

Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint for the causes of action described above. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 18, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE